**HILL–ROM, INC., and Hill–Rom Services, Inc., Plaintiffs–Appellees,**

v.

**OHMEDA MEDICAL and DATEX–OHMEDA, INC., Defendants–Appellants.**

**No. 02–1214.**

United States Court of Appeals, Federal Circuit.

May 9, 2002.

---

Before MICHEL, BRYSON, and GAJARSA, Circuit Judges.

PER CURIAM.

This is an appeal from a refusal to dissolve a preliminary injunction. On September 27, 2000, Hill–Rom, Inc., and Hill–Rom Services, Inc., ("Hill–Rom") brought suit against Ohmeda Medical and Datex–Ohmeda, Inc., ("Ohmeda") alleging infringement of claim 17 of Hill–Rom's U.S. Patent No. 5,453,077 ("the '077 patent"). On May 29, 2001, the district court granted a preliminary injunction, finding that Hill–Rom had established a reasonable likelihood of success on the merits of its infringement claim and that Ohmeda had not presented a substantial question of invalidity of claim 17. Ohmeda appealed, arguing that under a proper claim construction, Ohmeda's accused device did not infringe. We affirmed in a nonprecedential opinion.

Prior to the issuance of that opinion, Ohmeda filed a motion to dissolve the pre-liminary injunction based on new evidence supporting Ohmeda's theory that a prior art incubator, the Isolette, anticipated claim 17. The district court denied Ohmeda's motion, finding that the Isolette lacked two limitations of claim 17: an "air curtain" and "a canopy mounted over said support and adapted to be raised and lowered relative to said support." In a supplemental order, the district court amended the grounds for its denial of the motion to dissolve the injunction, basing the denial solely on the purported absence of the "canopy" limitation and leaving open the question whether the Isolette included an "air curtain" or not. Ohmeda appealed.

The district court found that the Isolette canopy is not "mounted over" the support and is not "adapted to be raised and lowered relative to said support," as recited in claim 17. The court based that finding on the fact that the Isolette canopy is connected to the support by a hinge, and that the canopy opens by swinging up above the support on the hinge. The court stated that being "mounted over the support . . . is different than being affixed to the support."

Based on the record before us, we conclude that the canopy limitation is not a sufficient basis for granting preliminary injunctive relief. When the canopy of the Isolette is closed, it is situated on and above the support. As such, the canopy of the Isolette would appear to be "mounted over" the support. Nothing in the record to which we have been directed suggests that claim 17 includes a requirement that the canopy be detachable from the support.

The district court based its finding that the Isolette canopy was not "raised or lowered relative to said support" on the fact that the canopy did not "ascend" above the support because it is connected by the hinge to one side of the support both when it is opened and when it is

closed. Nothing in the record before us suggests that the canopy is not "raised and lowered" when it is rotated upward and downward about a pivot point that is attached to the support. It would appear that the canopy of the Isolette is capable of being raised and lowered relative to the support in much the same way an automobile hood is raised and lowered relative to the body of the car.

We therefore conclude that the district court erred in premising its refusal to dissolve the preliminary injunction on the operation of the Isolette canopy. Accordingly, we *vacate* the district court's order denying the motion to dissolve the preliminary injunction and *remand* for further proceedings. On remand, the district court should resolve the question whether Ohmeda has raised a substantial question of invalidity based on Ohmeda's assertion that the Isolette's contains an "air curtain" within the meaning of that term as used in claim 17. *See Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1358 (Fed.Cir.2001).